**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **COREY WOODS,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | **Civil Action File No.** |
| **v.** ) | |
| ) | |
| **H.EH. PAVING, INC.,** ) | |
| **HERBERT WILLIAMS,** ) | |
| **HOBSON MILNER,** ) | |
| **TARIK MILNER** ) | |
| ) | |
|     **Defendants.** ) | |
| ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Corey Woods (hereinafter "Mr. Woods"), by and through undersigned counsel, and hereby files this Complaint for Damages against H.E.H. Paving, Inc. ("H.E.H."), Herbert Williams, Hobson Milner, and Tarik Milner (hereinafter collectively referred to as the "Defendants") showing as follows:

## INTRODUCTION

1.

At all relevant times Mr. Woods worked as a flagger for defendants in their paving business.

2.

During the employment of Mr. Woods, Defendants violated the FLSA by automatically deducing thirty (30) minutes each day for lunch when Mr. Woods was required to work during lunch.

3.

Herbert Williams and Hobson Milner are the owners of H.E.H. Tarik Miler is listed as H.E.H.'s secretary and runs the daily operations of H.E.H.  H.E.H., Herbert Williams, Hobson Milner, and Tarik Milner jointly employed Mr. Woods. Therefore, H.E.H., Herbert Williams, Hobson Milner, and Tarik Milner are joint employers.

4.

The instant action arises from Defendants' violations of Mr. Woods's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), to remedy violations of the FLSA by Defendants which have deprived Mr. Woods of his lawful minimum and overtime wages.

5.

Defendants violated the minimum wage provision of the FLSA by failing to compensate Mr. Woods each day for thirty (30) minutes.

6.

Defendants also violated the overtime wage provision of the FLSA by failing to compensate Mr. Woods each day for thirty (30) minutes, as Mr. Woods worked in excess of forty (40) hours in a given work week.

7.

Mr. Woods seeks unpaid minimum wage compensation and overtime compensation for work performed, an equal amount in liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

8.

This Court has subject matter jurisdiction over the instant action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1367.

9.

Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b) and (c) because the acts giving rise to this Complaint occurred within this District, and because Defendants are subject to this Court's personal jurisdiction.

# PARTIES

10.

Mr. Woods resides in Cobb County, Georgia and is a citizen of the United States.

11.

At all times material hereto, Mr. Woods was a non-exempt "employee" of Defendants for purposes of the FLSA.

12.

At all times material hereto, Mr. Woods handled, sold, and/or worked with goods or materials that have been moved in or produced for interstate commerce, and he was thus engaged in interstate commerce during his employment with the Defendants.

13.

Defendant H.E.H. is a Georgia corporation with its principal office located at 3384 Almand Road, Atlanta, GA 30316. H.E.H. regularly does business in the State of Georgia and may be served through its registered agent, J.D. Brown, P.C., 2727 Paces Ferry Road SE, Suite 1-260. At all times material hereto, H.E.H. was an "employer" of Mr. Woods for purposes of the FLSA, and H.E.H. is jointly and severally liable for the failure to pay Mr. Woods as required

14.

Defendant Herbert Williams is a Connecticut resident. On information and belief, Herbert Williams is the CFO and a co-owner of H.E.H. At all times material hereto, Herbert Williams exercised control over significant aspects of the operations of H.E.H., including employee compensation, and Herbert Williams personally played a substantial role in causing the FLSA violations set forth in this Complaint. As a result, Herbert Williams was an "employer" of Mr. Woods for purposes of the FLSA, and Herbert Williams is jointly and severally liable for the failure to pay Mr. Woods as required.

15.

Defendant Hobson Milner is a Georgia resident. On information and belief, Hobson Milner is the CEO and co-owner of H.E.H. At all times material hereto, Hobson Milner exercised control over significant aspects of the operations of H.E.H., including employee compensation, and Hobson Milner personally played a substantial role in causing the FLSA violations set forth in this Complaint. As a result, Hobson Milner was an "employer" of Mr. Woods for purposes of the FLSA, and Hobson Milner is jointly and severally liable for the failure to pay Ms. Woods as required.

16.

Defendant Tarik Milner is a Georgia resident. On information and belief, Tarik Milner is the Secretary of H.EH. At all times material hereto, Tarik Milner exercised control over significant aspects of the operations of H.E.H., including employee compensation, and Tarik Milner personally played a substantial role in causing the FLSA violations set forth in this Complaint. As a result, Tarik Milner was an "employer" of Mr. Woods for purposes of the FLSA, and Tarik Milner is jointly and severally liable for the failure to pay Ms. Woods as required.

17.

At all times material to this action, H.E.H., Herbert Williams, Hobson Milner and Tarik Milner were Mr. Woods's "joint employer" for purposes of the FLSA due to an arrangement between the individual Defendants to share the services of Mr. Woods, and/or because one of the individual Defendants acted directly or indirectly in the interest of the other Defendants in relation to Mr. Woods, and/or because the individual Defendants shared control of Mr. Woods's employment, and/or because one Defendant controls the other Defendant, and/or because the Defendants are under common control.

18.

At all times material hereto, the Defendants had two or more employees who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce. Thus, the Defendants were an enterprise engaged in interstate commerce or in the production of goods for interstate commerce for purposes of the FLSA.

19.

At all times material hereto and upon information and belief, Defendants have produced at least $500,000 in annual gross volume of sales made or business done.

**FACTUAL ALLEGATIONS**

20.

On or about March 7, 2016 Defendants hired Mr. Woods to work as a "flagger" which required Mr. Woods to flag down cars passing through paving and construction zones.

21.

Mr. Woods worked for Defendants from approximately March 7, 2016 until March 6, 2017.

22.

At all times, Mr. Woods was a non-exempt employee.

23.

Mr. Woods worked more than forty (40) hours per week.

24.

H.E.H. provides paving, grading, and demolition services.

25.

Upon information and belief, H.E.H. has at least $500,000 of annual gross volume of sales made or business done.

26.

H.E.H. has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

27.

Mr. Woods's position as a flagger required him to regularly handle and work with goods and materials that have been moved in or produced for interstate commerce.

28.

Mr. Woods was engaged in interstate commerce, thus, in addition to working for an enterprise regularly engaged in interstate commerce, Mr. Woods was engaged

in interstate commerce and was, therefore, individually covered under the FLSA.

29.

Defendants agreed to pay Mr. Woods at the rate of $11.00 per hour for each hour worked.

30.

Defendants automatically deducted thirty (30) minutes out of Mr. Woods's check each day for "lunch".

31.

These automatic deductions deprived Mr. Woods of pay for time that he worked.

32.

As a result of Defendants' refusal to pay Mr. Woods, Mr. Woods hired the undersigned counsel.

33.

By unjustifiably refusing to compensate Mr. Woods for hours worked, Defendants have acted in bad faith, have been stubbornly litigious, and have caused Mr. Woods unnecessary trouble and expense.

34.

Defendants have not made a good faith effort to comply with the FLSA with respect to Mr. Woods.

## **COUNT ONE: FLSA VIOLATION (MINIMUM WAGE)**

35.

Mr. Woods re-alleges and incorporates Paragraphs 1 through 34 of this Complaint, as if fully set forth herein.

36.

At all times relevant hereto, Mr. Woods was a non-exempt employee for purposes of the FLSA. Thus, Defendants were obligated to pay Mr. Woods at a rate not less than the minimum hourly wage of $7.25 per hour.

37.

By failing to properly pay Mr. Woods in accordance with § 206 of the FLSA, despite knowledge of Mr. Woods's status as a non-exempt employee, Defendants willfully, intentionally, knowingly, and/or recklessly violated the FLSA, in bad faith.

38.

As a result of Defendants' willful violation of the FLSA's minimum wage provisions, Mr. Woods is entitled to damages, including, without limitation, unpaid wages sufficient to compensate Mr. Woods at the minimum wage rate for all hours worked, liquidated damages, attorneys' fees, and costs.

**COUNT TWO: FLSA VIOLATION (OVERTIME)**

39.

Mr. Woods realizes and incorporates paragraphs 1 through 38 of this Complaint, as if fully set forth herein.

40.

Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA, 29 U.S.C. § 207 or § 213, with respect to Mr. Woods.

41.

Defendants failed to meet the requirements for paying Mr. Woods at the rate of at least one and one-half times the regular hourly rate for time worked in excess of forty (40) hours per week as legally required under the compensation requirements of the FLSA, 29 U.S.C. § 203 and § 207.

42.

Defendants are liable to Mr. Woods for unpaid compensation for any and all time Mr. Woods worked in excess of forty (40) hours per week at the rate of at least one and one-half times the regular hourly rate as legally required under the compensation requirements of the FLSA, 29 U.S.C. § 203 and § 207.

43.

By its actions alleged herein, Defendants willfully, intentionally, knowingly, and/or recklessly violated the FLSA provisions and corresponding federal regulations.

44.

Defendants willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime compensation to Mr. Woods in accordance with § 203 and § 207 of the FLSA.

45.

As a result of Defendants' violations of the FLSA, Mr. Woods has suffered damages by failing to receive overtime wages in accordance with § 203 and § 207 of the FLSA.

46.

As a result of Defendants' willful violation of the FLSA's overtime wage provisions, Mr. Woods is entitled to damages, including, without limitation, unpaid wages sufficient to compensate Mr. Woods at the overtime wage rate for all hours worked, liquidated damages, attorneys' fees, and costs.

**COUNT THREE: BREACH OF CONTRACT**

47.

Mr. Woods re-alleges and incorporates Paragraphs 1 through 46 of this Complaint, as if fully set forth herein.

48.

Defendants agreed to pay Mr. Woods $11.00 for each hour worked.

49.

By failing to pay Mr. Woods for each hour worked, Defendants breached their agreement with Mr. Woods.

50.

As a result of Defendants' breach of contract, Mr. Woods is entitled to damages, including pre-judgment interest, in an amount to be determined at trial.

## **COUNT FOUR: ATTORNEYS' FEES AND EXPENSES**

51.

Mr. Woods re-alleges and incorporates Paragraphs 1 through 50 of this Complaint, as if fully set forth herein.

52.

As set forth above, Defendants have acted in bad faith, have been stubbornly litigious, and have caused Mr. Woods unnecessary trouble and expense.

53.

As a result of Defendants' conduct as set forth herein, and pursuant to O.C.G.A. § 13-6-11, Defendants should be required to reimburse Mr. Woods for the attorneys' fees and costs incurred to prosecute this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Woods prays:

(a)     That Defendants be served with process and required to answer this suit;

(b)     For a trial by a jury;

(c)     That he be awarded damages in the amount of his unpaid compensation, plus an equal amount of liquidated damages;

(d)     That he be awarded the costs and expenses of this action;

(e) Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant violated the FLSA; and

(f) That this Court enter such other and further relief as is just and proper under the circumstances.

[DATE AND SIGNATURES FOLLOW]

Respectfully submitted this 16th day of May, 2017.

**COHAN LAW GROUP, LLC**

*/s/ Louis R. Cohan*

LOUIS R. COHAN
Georgia Bar No. 173357
ARIEL D. FENSTER
Georgia Bar No. 420858
*Attorneys for Plaintiff*

3340 Peachtree Road NE, Suite 2570
Atlanta, Georgia 30326
(404) 891-1770 (telephone)
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com
afenster@cohanlawgroup.com

I further certify that the foregoing has been prepared in a Times New Roman 14-point font, one of the font and point selections approved by the Court in Local Rule 5.1(C).

**COHAN LAW GROUP, LLC**
/s/ Ariel D. Fenster
ARIEL D. FENSTER
Georgia Bar No. 420858